UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS RODGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:13CV2000 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] on October 7, 2013. On December 6, 2013, Defendant filed his Response To Order To Show Cause Why a Writ of Habeas Corpus Should Not be Granted [ Doc. 7]. Thereafter, on February 25, 2016, Petitioner filed MEMORANDUM AND NOTICE OF IMMINENT FILING [Doc. 21]. On September 15, 2016, this court denied the relief sought by Petitioner in his MEMORANDUM AND NOTICE OF IMMINENT FILING.

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the

Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

Petitioner was charged in State court with robbery in the first degree and armed criminal action. A jury found him guilty of both offenses. On October 20, 2009, the Missouri Court of Appeals affirmed his convictions on direct appeal.

On February 8, 2010, Petitioner filed a *pro se* post-conviction motion. Thereafter, the motion court appointed counsel, and appointed counsel timely filed an amended post-conviction motion raising two claims of ineffective assistance of trial counsel. After counsel filed the amended post-conviction motion, Petitioner filed a motion seeking: 1) to quash the amended post-conviction; 2) to discharge appointed counsel, and 3) to represent himself. The motion court entered an order granting his request to represent himself, but that order did not expressly address the request to strike the amended post-conviction motion filed by counsel.

On January 18, 2011, the motion court entered an order addressing and denying the two claims from the amended post-conviction motion. On or about February 3, 2011, Petitioner filed a motion for reconsideration.

On June 23, 2011, Petitioner filed a motion for leave to file a late notice of appeal, and the Missouri Court of Appeals granted that motion. It was alleged in his post-conviction appeal that the motion court erred by failing to enter findings of

facts on the claims in his *pro se* post-conviction motion. The Missouri Court of Appeals affirmed finding that the motion court had never granted the motion to quash the amended post-conviction motion and, therefore, under Missouri law, the only pending claims were the claims in the amended post-conviction motion.

After Petitioner filed a motion for rehearing, the Missouri Court of Appeals denied that motion on December 13, 2012, and issued its mandate on January 4, 2013.

Petitioner further alleges that he mailed his petition to this Court on October 4, 2013.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). A pending state post-conviction action or other

state collateral review tolls this statute of limitation. 28 U.S.C. §2244(d)(2). However, if a post-conviction action is not properly filed, it does not toll the statute of limitations. *Allen v. Siebert,* 552 U.S. 3 (2007). If a state post-conviction action is dismissed as untimely by the state courts, such an action is not properly filed. *Id.* at 6-7.

On the original conviction, under Missouri law, a conviction becomes final when a defendant is sentenced. *Barr v. Steele,* 294 S.W.3d 131, 133 (Mo. App. S.D. 2009). Upon entry of a sentence, a party has ten days to file a notice of appeal. Missouri Supreme Court Rules 30.01, 30.03, 81.04. In addition, if an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler,* 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.26 and Rule 84.17, the time limit for filing a motion for rehearing or transfer is fifteen days after the issuance of an opinion.

## Discussion

The opinion relating to Petitioner's appeal was issued by the Missouri Court of Appeals on October 20, 2009. Direct review concluded fifteen days later on November 4, 2009. Petitioner did not request a rehearing on direct appeal.

Ninety-six days later, on February 8, 2010, Petitioner filed his *pro se* post-conviction motion. The balance of the two hundred seventy days were tolled while

the post-conviction motion was pending. When the motion court issued its judgment, he filed a timely motion to amend judgment on February 3, 2011. Under Missouri Supreme Court Rule 78.06, a motion to amend judgment is denied by operation of law ninety days after the last authorized post-trial motion is filed. Thus, in this case, the motion to amend judgment was denied by operation of law on May 4, 2011. Under Missouri Supreme Court Rule 81.04 and Missouri Supreme Court Rule 81.05, the time for filing a notice of appeal expired on May 16, 2011.

There were no post-conviction or collateral actions pending after the expiration of the time for filing a notice of appeal until he filed a motion for leave to file a late appeal thirty-eight days later on June 23, 2011. *See Streu v. Dormire,* 557 F.3d 960, 966-67 (8th Cir. 2009) (post-conviction proceeding is not pending between expiration of time to timely file a notice of appeal and the filing of a motion for leave to file a late appeal). After Petitioner filed his tardy notice of appeal, the remaining two hundred thirty-two days to file this petition were tolled while that appeal was pending.

The post-conviction appeal concluded with the issuance of the mandate on January 4, 2013. Since he only had two hundred thirty-two days left to file this petition, this petition was due on or about August 26, 2013. Petitioner did not mail

this petition until October 4, 2013. Document 1, page 14. Therefore, the petition was not filed until thirty-nine days after it was due.

## Conclusion

Having reviewed the record in its entirety, it is clear the Petition for Writ of Habeas Corpus is time barred.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 2nd day of February, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE